IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMANDA PERRY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 7601 |
| | ) | |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| JTM CAPITAL MANAGEMENT, LLC, a Delaware limited liability company, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| THERESA MULLERY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 7769 |
| | ) | |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| JTM CAPITAL MANAGEMENT, LLC, a Delaware limited liability company, | ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Amanda Perry and Theresa Mullery filed separate complaints against defendant JTM Capital Management, LLC, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1682, *et seq.* ("FDCPA"). Defendant has moved to dismiss both cases pursuant to Fed. R. Civ. P. 12(b)(2), arguing that this court lacks personal jurisdiction over it. In the alternative, defendant seeks to dismiss for improper venue pursuant to Fed. R. Civ. P. 12(b)(3), transfer the case to the Western District of New York pursuant to 28 U.S.C. § 1406(a), or dismiss pursuant to Fed. R. Civ. P. 12(b)(6), claiming defendant is not a "debt collector" under the FDCPA's definition. For the reasons discussed below, the court grants defendant's motion to dismiss for lack of personal jurisdiction.

## BACKGROUND

Defendant is a Delaware limited liability company that purchases debt and hires third party debt collection agencies to collect on consumer debt accounts. Defendant's principal place of business is Williamsville, New York. Defendant is authorized to conduct business in Illinois, maintains a registered agent in Illinois, and is a licensed collection agency in Illinois. Defendant does not maintain any offices or employ any individuals in Illinois. Discovery revealed that defendant has purchased a significant amount of Illinois consumer debt during 2016 and 2017, but plaintiff has not identified any attempts by defendant to collect from Illinois consumers.[1] With the exception of the instant cases, no other cases have been brought against defendant in the Northern District of Illinois.

Plaintiff Theresa Mullery is a citizen of New York. Mullery alleges that defendant directed Northstar Location Services to mail her a letter demanding payment on a debt originally owed to Continental Finance Company ("Continental"), but purchased by defendant. Prior to defendant acquiring the debt, an attorney at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD") informed Continental that Mullery was represented by counsel and directed Continental to cease direct contact with Mullery.

Plaintiff Amanda Perry is a South Carolina citizen. Like Mullery, Perry was also represented by the same attorney at LASPD. Perry's attorney also informed her original creditor, Comenity Bank ("Comenity"), that Perry was represented by counsel and directed Comenity to cease direct contact. Perry alleges that defendant subsequently acquired the account and directed Weltman, Weinberg & Reis, Co. send her a letter demanding payment.

---

[1] Plaintiffs were granted limited discovery for the purpose of determining whether defendant is subject to personal jurisdiction in the State.

**DISCUSSION**

Defendant moves to dismiss plaintiffs' complaints under Fed. R. Civ. P. 12(b)(2), arguing that this court lacks personal jurisdiction over it. The plaintiffs bear the burden of establishing a prima facie case of personal jurisdiction. Purdue Research Foundation v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 782 (7th Cir. 2003). When ruling on a motion to dismiss for lack of personal jurisdiction, this court accepts "all well-pleaded facts alleged in the complaint" as true and resolves factual disputes in the plaintiff's favor. Felland v. Clifton, 682 F.3d 665, 672 (7th Cir. 2012).

Because both cases involve federal law claims under the FDCPA, the court's jurisdiction is predicated on a federal question. 28 U.S.C. § 1331. To exercise personal jurisdiction over a defendant in a federal question case, a federal court must determine that: (1) bringing the defendant into the court accords with Fifth Amendment due process principles; and (2) the defendant is amenable to process from the court. United States v. Martinez De Ortiz, 910 F.2d 376, 381–82 (7th Cir. 1990). In federal question cases, Fifth Amendment due process is satisfied where the defendant has "sufficient contacts with the United States as a whole rather than any particular state or other geographic area." Id. at 381. Defendant is a Delaware corporation engaging in business in the United States; its contacts with the United States are sufficient to satisfy due process.

Amenability of service is governed by Fed. R. Civ. P. 4(k)(1), which authorizes service if the statute sued under authorizes nationwide service, or if the defendant would be subject to the jurisdiction of a court of the state in which the district court sits. Because the FDCPA does not authorize nationwide service of process, Illinois state law governs defendant's amenability to service. *See* 735 ILCS 5/2–209.

An Illinois state court has personal jurisdiction when authorized by: (1) the Illinois Long-Arm Statute; (2) the Illinois Constitution; and (3) the due process clause of the United States Constitution. Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp., 230 F.3d 934, 939 (7th Cir. 2000). The Illinois Long-Arm Statute authorizes courts to exercise jurisdiction to the fullest extent allowed by the Illinois and Federal Constitutions. 735 ILCS 5/2–209(c); Hyatt Int'l Corp. v. Coco, 302 F.3d 707, 714 (7th Cir. 2002). Therefore, the inquiry collapses into an examination of whether jurisdiction over defendant complies with the test as set forth in International Shoe Co. v. Washington, 326 U.S. 310 (1945), which requires that defendant has sufficient "minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice embodied in the due process clause of the Fourteenth Amendment."

Personal jurisdiction may be general or specific. Specific jurisdiction requires that the suit "arise[] out of or relate[] to the defendant's contacts with the forum." Daimler AG v. Bauman, 134 S. Ct. 746, 754 (2014) (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408 (1984)). A defendant may be subject to general jurisdiction for any claim if it has continuous and systematic contacts with the state. The paradigm forums for general jurisdiction for a corporation are the corporation's state of incorporation and principal place of business. Daimler, 134 S. Ct. at 760 (citing Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 924 (2011)). *See also* BNSF Ry. Co. v. Tyrrell, 137 S. Ct. 1549, 1552–53 (2017). Daimler does not foreclose the possibility of general jurisdiction outside of a company's state of incorporation or principal place of business, but limits it to only an "exceptional case" in which the company's contacts are "so substantial and of such a nature as to render the corporation at home in that State." 134 S. Ct. at 761

n.19. General jurisdiction "should not lightly be found" because it has the potential to subject a defendant to jurisdiction "even with respect to conduct entirely unrelated to the forum state". Kipp Ski Enterprise Corp. of Wisconsin, Inc., 783 F.3d 695, 698 (7th Cir. 2015). Neither jurisdictional test is satisfied in this case.

Plaintiffs do not argue that this court has specific jurisdiction.[2] This court also lacks general jurisdiction over defendant. Defendant is not incorporated in Illinois and does not maintain its principal place of business in the state. For general jurisdiction to exist, therefore, plaintiffs must show some exceptional circumstance to show that defendant is "at home" in Illinois. Daimler, 134 S. Ct. at 761 n.19.

Although plaintiffs had the opportunity to engage in discovery on the issue of jurisdiction, the only fact plaintiffs identify as a contact between defendant and Illinois is defendant's purchase of debt belonging to Illinois consumers. Plaintiffs do not specify any conduct defendant engaged in showing that it even ever attempted to collect on these debts. Mere purchase of debt is not contact with Illinois, let alone the exceptional type of systematic or continuous conduct that demonstrates defendant is at home in the State. *See* Perez, 2016 WL 7049153, at *8 ("[I]t is inconsistent with principles of due process for a corporation to be subject to general jurisdiction in every place it does business.") (quoting Genuine Parts Co. v. Capec, 137 A.3d 123 (Del. 2016)).

Plaintiffs rely on this court's decision in Brennon v. Nationwide Credit, 2011 U.S. Dist. LEXIS 161564 (N.D. Ill. Oct. 5, 2011). In Brennon, this court found that it had jurisdiction over a

---

[2] Even if plaintiffs had argued that this court has specific jurisdiction over defendant, plaintiffs do not allege any contacts that defendant directed toward the State of Illinois relating to their specific claims. The only factual connection between the present cases and the State of Illinois is the location of plaintiffs' counsel, not any action by defendant purposefully directed toward the State of Illinois.

non-resident debt collector that was attempting to collect debts from hundreds of thousands of Illinois consumers. Id. In addition to this factual distinction, this court's decision in Brennon pre-dates the Supreme Court's decision in Daimler, which significantly raised the standard for consistency and pervasiveness necessary for general jurisdiction. 134 S. Ct. at 760–61. *See also* Kipp v. Ski Enterprise Corp. of Wisconsin, Inc., 783 F.3d 695, 698 (7th Cir. 2015). If decided today, the decision in Brennon would likely have been different.

Plaintiffs also cite a similar decision by Judge Gottschall, Lefler v. Razor Capital, N.D. Ill. No. 1:13-cv-2242 (2013). Defendant's contacts in the present case are less substantial than the contacts in Lefler because the defendants in Lefler did not dispute transacting substantial business in the state. Even if the factual circumstances were analogous, however, Lefler applied an inappropriate standard because, like Brennon, it was decided before the Supreme Court's decision in Daimler.

The decisions in Brennon and Lefler, therefore, do not persuade this court to find general jurisdiction in the present case because neither decision applied the elevated standard established by the Supreme Court in Daimler. *See also* Kipp, 783 F.3d at 698. That defendant is authorized to conduct business in Illinois and maintains a registered agent in the State is insufficient to confer general jurisdiction. *See* Perez v. Air and Liquid Systems Corporation, 2016 WL 7049153, at *6 (S.D. Ill. 2016). Consequently, the court concludes that there is no exceptional circumstance warranting general jurisdiction over defendant in Illinois. Defendant's motion to dismiss for lack of personal jurisdiction is granted.[3]

---

3 Because the court concludes that it lacks personal jurisdiction over defendant, it need not reach defendant's alternate arguments that the case be dismissed for improper venue, transferred, or dismissed for failure to state a claim.

## **CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss is granted and the cases are dismissed without prejudice.

**ENTER:** April 5, 2018

**Robert W. Gettleman**
**United States District Judge**